Stanley G-abtenstein, J.
The issue of law herein, evidently one of first impression may be characterized as follows: Is *407 there any overlap or interaction ¡between article 7 (juvenile proceedings) and article 8 (family offenses) of the Family Court Act?
The underlying facts are brief. Petitioner is the mother of respondent. The petition alleges a simple assault (menacing) by the son upon the mother coupled with possession of a deadly weapon, in this instance a kitchen knife. The mother seeks to have her son adjudicated a juvenile delinquent on the theory that the acts he allegedly committed would be crimes if committed by an adult. In prior proceedings before this court under article 7, the boy was adjudicated a person in need of supervision (P. I. NT. S.) and placed on probation. He is currently awaiting acceptance for voluntary placement in an excellent rehabilitative facility.
Were the same acts as alleged herein before the court between two adult members of the same household, the entire proceeding would fall under article 8 delineating family offenses. The appropriate statutory provisions pertaining to assaults between members of the same household may be found in subdivision (a) of section 813 and subdivision (a) of section 816 which read as follows:
•Subdivision (a) of section 813: “ Any criminal complaint charging disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt assault between spouses or between parent and child or between members of the same family or household shall be transferred by the criminal court, not more than three days from the time the complaint was made, to the family court in the county in which the criminal court is located ”.
Subdivision (a) of section 816: “ The family court may transfer any proceeding originated under this article, including one transferred to it by a criminal court, to an appropriate criminal court, if it concludes that the processes of the family court are inappropriate. After the transfer, the applicable provision of the criminal procedure law and the penal law govern
It is clear that no assault between members of the same household may be treated as a crime unless and until the Family Court has conducted proceedings in which it determines after hearing that its processes are “ inappropriate ” (Family Ct. Act, § 816). The body of family offense law and the different circumstances delineating the elements of “ inappropriateness ” stands on its own as a separate area of jurisprudence (see Matter of Appell v. Appell, 37 A D 2d 966).
*408 The requirement that an adjudication of delinquency be supported by a finding of a specifically delineated crime is contained in section 731 of article 7 of the Family Court Act which provides:
‘1 A proceeding to adjudicate a person a juvenile delinquent is originated by the filing of a petition, alleging:
“ (a)the respondent did any act which, if done by an adult, would constitute a crime and specifying the act and the time and place of its commission
Logically, if the acts alleged herein would not be criminal if committed by an adult, a finding of delinquency cannot stand. This simple conclusion is inescapable in the light of Matter of Gault (387 U. S. 1) which mandated that equal standards of due process be applied to adults and juveniles despite the difference in the nature of the respective proceedings. As a matter of law, as between adult members of the same household, the acts alleged herein cannot be deemed a crime unless and until the Family .Court first determines that its processes are “ inappropriate ” and surrenders its jurisdiction to the Criminal Court. We cannot do any less for a juvenile than that which we offer to an adult under similar circumstances. Indeed the Appellate Division in this Department has mandated that whenever it be possible to obtain jurisdiction over a juvenile under another theory of law, that juvenile should not be branded a delinquent. Thus, in Matter of Richard C. (43 A D 2d 862) the Appellate Division, Second Department, reversed an adjudication and disposition in a delinquency proceeding based on the fact that the court had not exercised jurisdiction on its own motion to convert a delinquency proceeding to one framed in neglect against the parent as authorized under the Family Court Act.
Underlying the philosophy of the Appellate Division and of recent Court of Appeals adjudications (see Matter of Ellery C., 32 N Y 2d 588; Matter of Patricia A., 31 N Y 2d 83) appears to be an attitude that we must somehow redirect our thinking back to original concepts: That perhaps the idealistic formulation of the juvenile proceeding as a helping hand has somehow been lost or diverted. Whether this be from society’s basic tendency to rigidify into inflexible categories that which should philosophically remain fluid; or from society’s colossal lack of concern in providing services to this court and to the people to whom it is responsible, is problematic. Suffice it to say that there are leaks in the secrecy which the law mandates for the benefit of .a juvenile (see Matter of Smith, 63 Misc 2d 198); and that juveniles committed in the name of treatment often *409 receive no such treatment. (See Martarella v. Kelly, 349 F. Supp. 575, 359 F. Supp. 478.) It therefore serves no useful purpose to add the stigma of juvenile delinquency to any other crosses in life this respondent may have to bear. If there is any method of avoiding this and still see to it that the services of this court are made available, it must be used.
Article 8 appears to be the vehicle whereby this may be accomplished. It is suggested however that the unavailability of ordinary remedies under article 8 against a juvenile (e.g. order of' protection and/or sanctions for violation thereof) itself renders the processes of this court ‘ ‘ inappropriate ’ ’. An examination of subdivision (a) of section 816 indicates, however, that the finding of ‘ ‘ inappropriateness ’ ’ which is required in assaults between members of the same family prior to having same treated as a crime is not one to the effect that the remedies of article 8 are “ inappropriate ” but rather, that the processes of the Family Court itself be so characterized. This consideration inevitably leads to an assessment of any other alternative which may be available under the aegis of the Family Court. For, if any other alternative be available in this court, its processes must be deemed “ appropriate ”.
In this connection it is most germane to note that this respondent is now on probation and that a petition for violation of probation, a method of utilizing the court’s jurisdiction without an additional (and superfluous) finding of delinquency, is available under the very same facts alleged herein. It shall therefore be petitioner’s burden upon the trial to show that this remedy is not suitable to the situation and therefore “ inappropriate ” Failing this showing, the petition would be dismissable and the court so holds.
Finally, there is the consideration that a matter of policy is involved herein; that future petitions involving juvenile assaults between members of the same household may not have available the device of violation of probation. In this eventuality, the showing of “ inappropriateness ” as required by subdivision (a) of section 816 will rest on such facts as are then properly brought before the court.