Stanley Gartenstein, J.
The circumstances surrounding the arrest of Helen R. and her appearance in this court may properly serve as a warning to those connected with the juvenile justice system that simplistic answers to complex problems of society often carry the seeds of bizarre results not foreseen by the Legislature.
Helen R. is just over 14 and a recent resident of the Pleasantville Cottage School. She first became known to the facility on January 22, 1974 when she was just over 11 and turned up as a runaway from her mother at Coney Island *123 Hospital. She was then diagnosed as a severely battered child. She returned to her mother in December, 1974 and stayed with her for a period of five months during which the family had no definite shelter. She was again admitted to Coney Island Hospital after this period as a severely abused child both physically and sexually. Before this hospitalization, the Pleasantville facility received several phone calls from her pleading to be saved from her mother’s drinking and physical abuse. Helen shows burn marks and physical scars, the origin of which can be traced back as far as age seven. Her I.Q. is 67. She was, at all times set forth herein, a ward of the Commissioner of Social Services having been placed with him as the subject of a neglect finding against the mother.
The petition now before the court was brought by Helen’s father to whom she ran after escaping from placement. It alleges that Helen, acting in concert with two others, did hold up her father at knife point for certain personal property and his 1971 automobile. The acts alleged constitute the crime of first degree robbery if committed by an adult and are designated felonies under the statute which is clear on its face that if found in need of restrictive placement, Helen must be placed for a period of three years with a minimum period of secure placement tantamount to incarceration.
To the credit of all adverse parties and counsel before the court, it was recognized that if a finding was in fact made as above, Helen’s father who came to the court for help would have found, to his disbelief, that the court’s hands were tied and that Helen’s life stood to be wrecked by a statute which just about removed whatever discretion the court might have had in dealing with her in an enlightened manner.
The court accordingly rules that the enactment of the Juvenile Justice Reform Act of 1976 (L 1976, ch 878) did not render academic its holding in Matter of Anthony H. (77 Misc 2d 406), which held that in a delinquency proceeding between members of the same family, the proceeding would be dismissed lacking a finding that any other proceeding in this court would be inappropriate. Accordingly, Helen who is before the court as an abused child must therefore be dealt with as such under the ambit of that proceeding and the court so holds that abuse proceeding to be the "appropriate” one within the statute. In so ruling, it holds as a corollary thereto, that subdivision (b) of section 716 of the Family Court Act calling for conversion of a delinquency proceeding to one *124 framed in neglect on the court’s own motion also extends to the designated felony provisions of article 7 of the act.
Helen is therefore returned to the Commissioner of Social Services with directions that he plan for her in a manner appropriate to her needs, a disposition consented to with great relief by her petitioning father.